ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 13, 2008

The Honorable John W. Segrest            Opinion No. GA-0683
McLennan County Criminal District Attorney
219 North Sixth Street, Suite 200         Re:  Whether a county commissioners court may
Waco, Texas 76701                         establish an electronic monitoring program under
                                          Code of Criminal Procedure article 42.035(b)
                                          (RQ-0718-GA)

Dear Mr. Segrest:

    You write that the McLennan County Commissioners Court (the "commissioners court")
seeks to establish an electronic monitoring program, separate from a program established by the local
community supervision and corrections department, that may be imposed as a component of house
arrest under Code of Criminal Procedure article 42.035(b).[1]  See TEX. CODE CRIM. PROC. ANN. art.
42.035(b) (Vernon 2006).  You ask whether the commissioners court has authority to establish such
an electronic monitoring program.[2]

    Article 42.035(a) authorizes "[a] court in a county served by a community supervision and
corrections department that has an electronic monitoring program . . . . [to] require a defendant to
serve all or part of a sentence of confinement . . . by submitting to electronic monitoring . . . ." Id.
art. 42.035(a).  In different language, subarticle (b) also authorizes a judge to permit a convicted
defendant to serve the defendant's sentence "under house arrest, including electronic monitoring and
any other conditions the court chooses to impose . . . ." Id. art. 42.035(b).

    A commissioners court has no express or implied authority under article 42.035 to establish
an electronic monitoring program that is separate from that established by a community supervision
and corrections department.  See City of San Antonio v. City of Boerne, 111 S.W.3d 22, 28 (Tex.
2003) (stating that a county commissioners court may exercise only those expressly conferred and

_____

    [1]Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Greg
Abbott, Attorney General of Texas, at 1–2 (May 22, 2008) (on file with the Opinion Committee, also available at
www.texasattorneygeneral.gov) [hereinafter Request Letter]; see also Letter from Honorable John W. Segrest, McLennan
County Criminal District Attorney, to Honorable Matt Johnson, Judge, 54th District Court, at 1 (May 20, 2008) (attached
to Request Letter).

    [2]Telephone conversation with Honorable John Segrest, McLennan County Criminal District Attorney (Oct. 1,
2008).

implied powers). Subarticle (b) does not specify the entity that may establish an electronic monitoring program. *See* TEX. CODE CRIM. PROC. ANN. art. 42.035(b) (Vernon 2006). And subarticle (c), which authorizes a court to require the defendant to pay the "the cost of electronic monitoring," may be understood with reference to the county's responsibility to provide the local community supervision and corrections department with "equipment"; thus, it does not implicitly authorize a commissioners court to establish an electronic monitoring program. *See id.* art. 42.035(c); *see also* TEX. GOV'T CODE ANN. § 76.008(a) (Vernon 2005) (setting out county's responsibility in relation to the local community supervision and corrections department).

In light of this answer, we do not address your second question regarding the legality of certain aspects of an electronic monitoring program established by a commissioners court.[3] Request Letter, *supra* note 1, at 2.

---

[3]We do not consider whether a county commissioners court could establish an electronic monitoring program as part of a county correctional center or a county jail industries program. Nothing in your request or in any materials submitted with your request indicates that the proposed electronic monitoring program would be a component of either a correctional center or jail industries program. *See* TEX. LOC. GOV'T CODE ANN. §§ 351.181, .201(a) (Vernon 2005). *See generally* Request Letter, *supra* note 1, and materials attached thereto. Nor do we consider a county commissioners court's authority to establish an electronic monitoring program under article 17.44 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 17.44 (Vernon 2005).

## S U M M A R Y

Texas Code of Criminal Procedure article 42.035 does not authorize a county commissioners court to establish an electronic monitoring program separate from that established by a community supervision and corrections department.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee